# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-100 |
| MICHAEL ROHANA | : | |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the government's Motion for Continuance and to Exclude Time Under the Speedy Trial Act, the Court determines as follows.

The trial in this matter was scheduled to commence on April 17, 2023. The parties have reached a non-trial resolution of this matter. As part of that resolution, defendant Michael Rohana, having waived prosecution by indictment and the statute of limitations, has been charged by Information in Criminal No. 23-126 with one count of trafficking in interstate commerce in archaeological resources the removal of which was wrongful under state law, in violation of 16 U.S.C. § 470ee(c). Also as part of the resolution of this case, the parties agree to a continuance in this case, the government agrees that, at the time of sentencing in Criminal No. 23-126, the government will move to dismiss Counts One and Three, the only remaining counts, of the Indictment in this case, and the defendant agrees to waive his right to a speedy trial, pursuant to 18 U.S.C. § 3161, until that dismissal,

For these reasons, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. This Court accordingly ORDERS that the trial in this matter is continued to _____, 2023, and further ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay from the entry of this Order until the trial date set here shall be excluded under the Speedy Trial Act.

BY THE COURT:


_____
HONORABLE CHAD F, KENNEY
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-100 |
| MICHAEL ROHANA | : | |

### GOVERNMENT'S MOTION FOR ADDITIONAL CONTINUANCE
### AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The government moves for an additional continuance of trial, and to exclude under the Speedy Trial Act of the period of delay until sentencing occurs in Criminal No. 23-126  for the reasons set forth below.

The trial in this matter is presently scheduled for April 17, 2023.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day "clock." § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded when the judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Court may consider in part whether "it is unreasonable to expect

adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." § 3161(h)(7)(B)(ii).  The trial in this matter has been continued a number of times due to the Chief Judge's COVID-19 Standing Orders and upon motions by the parties.

The parties have reached a non-trial resolution of this matter.  As part of that resolution, defendant Michael Rohana, having waived prosecution by indictment and the statute of limitations, has been charged by Information in Criminal No. 23-126 with one count of trafficking in interstate commerce in archaeological resources the removal of which was wrongful under state law, in violation of 16 U.S.C. § 470ee(c), all arising from defendant's theft, on December 21, 2017, of the thumb of a 3rd century B.C. Chinese Terracotta Warrior ("the Cavalryman Thumb") on display at the Franklin Institute in Philadelphia, Pennsylvania and then transporting the Cavalryman Thumb, via interstate highway, to his residence in Bear, Delaware. Also as part of the resolution of this case, the parties agree to a continuance in this case, the government has agreed that, at the time of sentencing in Criminal No. 23-126, the government will move to dismiss Counts One and Three, the only remaining counts, of the Indictment in this case, and the defendant has agreed to waive his right to a speedy trial, pursuant to 18 U.S.C. § 3161, until that dismissal.

The government also respectfully requests that this Court enter a specific order in this case excluding from the speedy trial calculation all delay caused by the continuance requested here.

The pertinent statute provides that ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509.

Thus, the Third Circuit has declared that when entering a continuance order, the district court must either state "the factual basis for excluding time under the Act or us[e] language that invokes it." Otherwise, "the delay caused by the continuance is not excluded and the court cannot exclude the time in hindsight." *United States v. Reese*, 917 F.3d 177, 182 (3d Cir. 2019).

Accordingly, the government respectfully requests that this Court enter a case-specific order finding excludable delay appropriate in this particular case under § 3161(h)(7)(A), based on the reasons set forth in this motion.   A proposed Order for this purpose is attached.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney


*/s K.T. Newton*
K.T. NEWTON
Assistant United States Attorney

Dated:   March 28, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified

below through the Electronic Case Filing (ECF) system:

> Catherine Henry, Esquire
> Nancy MacEoin, Esquire
> Counsel for defendant Michael Rohana

> */s K.T. Newton*
> K.T. Newton
> Assistant United States Attorney

Dated:  March 28, 2023.